IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Nos. 97-20164 & 97-20339
_____


VW CREDIT INCORPORATED,

                            Plaintiff-Appellant,

v.

FIRST AMERICAN BANK,

                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

March 23, 1998

Before KING, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-appellant VW Credit, Inc. appeals the district

court's denial of its motion for summary judgment, its granting

of defendant-appellee First American Bank's motion for summary

judgment, and its award of attorney's fees to First American

Bank.  We reverse and remand.

### I.   BACKGROUND

_____

    [*]  Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

In September 1989, plaintiff-appellant VW Credit, Inc. (VW Credit) began providing floor-plan financing on new cars to Wayne Thomas Volkswagen, Inc. (the Dealer), an automobile dealership. As part of this financing agreement, the Dealer granted VW Credit a security interest in its inventory, including new and used cars, which VW Credit perfected by filing that same month.

In March 1983, defendant-appellee First American Bank (First American) began lending money to the Dealer to acquire used cars. First American filed a financing statement describing used cars in the Dealer's inventory. As a condition for receiving an advance on this line of credit, First American required the Dealer to deposit with it the certificates of title to the used cars being financed. First American returned the certificate of title to the Dealer when the corresponding advance was repaid. Over 150 used cars were financed in this manner. First American's advances were repaid on all but thirteen used cars, which were still in the Dealer's inventory when VW Credit stepped in.

After First American began its lending relationship with the Dealer, VW Credit performed various audits of the Dealer's books and inventory. In May 1995, VW Credit discovered that the Dealer had sold cars out of trust and was therefore in default. As a result of the Dealer's default, VW Credit accelerated the Dealer's obligation and acted to collect the debt. Relying upon its security interest in the Dealer's inventory, VW Credit

instituted this declaratory judgment action (1) to force First American to turn over the certificates of title to the used cars currently in inventory, (2) to force First American to turn over the monies it received from the Dealer in relation to all of the used cars, and (3) to receive punitive damages.

The district court concluded that (1) First American perfected its security interest in the used car inventory by possession of the used cars' certificates of title; (2) First American was not required to give notice to VW Credit of its purchase money security interest, reasoning that the Dealer never had possession of the cars because First American had the certificates of title; (3) thus, First American's security interest had priority over VW Credits first-in-time, perfected security interest; and (4) even if the bank did not have priority, the theories of fraud, gross negligence, and malice would not apply to First American's conduct. Based upon these conclusions, the district court entered a take-nothing judgement and awarded attorney's fees to First American.

## II. STANDARD OF REVIEW

We review the granting of summary judgment de novo, applying the same criteria used by the district court in the first instance. <u>Norman v. Apache Corp.</u>, 19 F.3d 1017, 1021 (5th Cir. 1994).

## III. DISCUSSION

3

VW Credit challenges the district court's conclusions which led it to find that First American's security interest had priority over VW Credit's security interest in the used cars and their proceeds. We consider each of the district court's conclusions in turn.

First, possession of the certificate of title of a vehicle under Texas law does not perfect a security interest in a vehicle that is part of inventory. Article 9 of the Texas Uniform Commercial Code and the Texas Transportation Code both specifically apply Article 9's filing provisions to vehicles covered under the title rules in the Transportation Code when the vehicle is held as inventory by a person in the business of selling vehicles of that kind. See TEX. BUS. & COM. CODE ANN. § 9.302(c)(2) (Vernon Supp. 1998); TEX. TRANSP. CODE ANN. § 501.111(b) (Vernon Pamphlet 1998). Therefore, First American's security interest was not perfected by possession of the certificates of title.

Second, the district court's conclusion that no notice was required because the Dealer never possessed the used cars cannot stand. That conclusion apparently rests upon the theory that VW Credit's security interest did not attach because the Dealer never had rights in the collateral and therefore that no conflicting security interest requiring notice exists. See TEX. BUS. & COM. CODE ANN. §§ 9.203(a)(3), 9.312(c)(2) (Vernon 1991 & Supp. 1998). However, in order for First American's security

4

interest to attach, the Dealer had to have rights in the collateral; thus, VW Credit's security interest also attached. See id. § 9.203(a)(3). The Dealer's control over the used cars is similar to, and perhaps greater than, the control a consignee has over consigned property. Texas courts have found that property placed with a seller on a consignment basis is subject to a security interest covering the inventory of the seller. See A. Wolfson's Sons, Inc. v. First State Bank, 697 S.W.2d 753, 755, 757 (Tex. App.--Corpus Christi 1985, no writ); see also 4 JAMES J. WHITE & ROBERT S. SUMMERS, UNIFORM COMMERIAL CODE § 31-6, at 127-28, 128 n.15 (Practitioner Treatise Series, 4th ed. 1995) ("Courts have looked to such factors as the debtor's actual control over the property and the extent to which the risks of ownership have been shifted to the debtor."). Additionally, to hold that First American's possession of the certificates of title barred the Dealer from possessing the used cars, despite having actual possession of the used cars, would be inconsistent with the provisions of the Texas Code applying Article 9 to vehicles in inventory. Therefore, First American was not excused from giving notice to VW Credit under § 9.312(c), and the district court's judgment cannot stand.[1]

---

[1] We need not reach the issue of attorney's fees because, with our resolution of VW Credit's appeal, there no longer exists a judgment upon which to base the award of attorney's fees.

On appeal, both parties urge this court to resolve the case using a rationale other than that used by the district court.[2] We decline to do so. In addition to the fact that the parties' arguments have not been ruled upon by the district court, some discovery issues, which relate to the other rationales the parties urge us to adopt, have yet to be resolved, making the factual basis of any ruling we might make uncertain. Therefore, it is more appropriate and efficient for the district court to consider these questions in the first instance than for this court to take them up on appeal. We state no opinion on the merits of either party's claims.

## IV. CONCLUSION

For the foregoing reasons, we REVERSE the district court's judgment and REMAND the case for further proceedings consistent with this opinion.

---

[2] We have found no authority that supports the district court's rationale, nor can the parties direct us to any such authority. The district court's Opinion on Judgment provided no legal authority for its conclusions and resolved the case upon a rationale that was not urged below by either party. In oral argument before this court, no party argued for reversal or affirmance on a rationale related to the one used by the district court.